NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT SHAFFERY and SHIRLEY SHAFFERY | |
| Plaintiffs, | Civ. No. 14-6123 |
| v. | OPINION |
| BANK OF AMERICA, N.A. and BAC HOME LOANS SERVICING, LP, | |
| Defendants. | |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter is before the Court upon the Partial Motion to Dismiss of Defendants Bank of America N.A. and BAC Home Loans Servicing, LP (collectively, "Defendants"). (Doc. No. 13). Plaintiffs Robert and Shirley Shaffery (collectively, "Plaintiffs") oppose. (Doc. No. 14). The Court has decided the Motion based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's Motion will be granted.

## BACKGROUND

The pertinent facts, as Plaintiffs have alleged, are as follows: Plaintiffs purchased a home in Barnegat, New Jersey in June of 2007, borrowing money from American Partners Bank to do so. (Doc. No. 1, Compl., at ¶ 68). The note underlying their mortgage eventually came to be held by Defendants. (*Id*. at ¶¶ 69, 71). At some point, Plaintiffs defaulted on their loan. (*Id*. ¶¶ 70–

74).  In April of 2010, Plaintiffs were notified by Defendants of the potential to modify their mortgage under the Home Affordable Modification Program ("HAMP"), a program administered by the Department of the Treasury and the Department of Housing and Urban Development in which Defendants were participating.  (*Id*. at ¶¶ 3–5, 77).  Plaintiffs made a first loan modification application to try to take advantage of the HAMP on April 13, 2010, but they were rejected shortly thereafter.  (*Id*. at ¶¶ 78–79).  Plaintiffs submitted a second application on August 25, 2011 but never received a definitive response from Defendants.  (*Id*. at ¶¶ 83–95).  Plaintiffs received a Notice of Default and Intent to Disclose on April 26, 2014.  (*Id*. at ¶ 95).

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion, a district court must conduct a three-part analysis: "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009).  Second, the court must accept all of plaintiff's well-pleaded factual allegations as true and construe the complaint in the light most favorable to the plaintiff, though the court should disregard legally conclusory allegations.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).  Finally, the court must determine whether the "facts alleged in the complaint are sufficient to show the plaintiff has a 'plausible claim for relief.'" *Id*. at 211.  It is not enough for a pleading to offer "only 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" to survive a motion to dismiss; the plaintiff's allegations, taken together, must support a plausible claim under each cause of action.  *Id*. at 210.

## ANALYSIS

### I.     Violations of the Servicer Participation Agreement

Plaintiffs' first claim is for "Breach of Contract/Breach of Duty of Good Faith and Fair Dealing Arising out of [Defendant's] Performance of the Servicer Participation Agreement."  As Plaintiffs allege, the SPA is an agreement Defendants entered into with the U.S. Treasury as part of the Home Affordable Modification Program.  The HAMP is a "foreclosure mitigation program managed jointly by the Department of the Treasury and the Department of Housing and Urban Development" that "does not provide a private right of action."  *Sinclair v. Citi Mortgage, Inc.*, 519 Fed. App'x. 737, 738 (3d Cir. 2013); *see also Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 559 n.4 (7th Cir. 2012).  An SPA does not provide a vehicle for creating a cause of action under the HAMP: "the HAMP Guidelines, effectuated through the servicer's execution of an SPA, may not be enforced by a mortgagee under a third-party beneficiary theory."  *Thomas v. U.S. Bank Nat. Ass'n*, 474 B.R. 450, 459 (D.N.J. 2012); *see also In re Newell*, Bankr.No. 11-33861, 2012 WL 909200, *2 (Bkrtcy. S.D. Fla. Mar. 15, 2012) (collecting cases).  Accordingly, Plaintiff does not have standing to sue under the HAMP or the SPA, and so Plaintiffs' claim under Count One will be dismissed.

### II.     Violations of the Equal Credit Opportunity Act

Plaintiffs next allege that Defendants violated the Equal Credit Opportunity Act ("ECOA") by not giving proper notice of a decision on their second loan modification application and by not giving explanations for their denials of the first and second application.  Plaintiffs claim that they were entitled to receive a decision regarding their application within 30 days under 15 U.S.C § 1691(d)(1) and an explanation for the adverse action under 15 U.S.C § 1691(d)(2).  However, the text of § 1691(d)(6) makes it clear that a "refusal to extend additional credit under an existing

credit arrangement where the application is delinquent or otherwise in default" is not an "adverse action." If there is no adverse action, then the creditor is not subject to the notice provision of § 1691(d)(1) or the explanation provision of § 1691(d)(2). *See Ghaffari v. Wells Fargo Bank, N.A.*, No. 3:13-cv-2988, 2014 WL 6606611, at *9 (M.D. Pa. Nov. 19, 2014); *Bonadio v. PHH Mortg. Corp.*, No. 12-cv-3421, 2014 WL 522784, at *4–5 (S.D.N.Y. Jan. 31, 2014); *Maltbie v. Bank of Am.*, No. 12-cv-1002, 2013 WL 6078945, at *7–8 (W.D. Mich. Nov. 19, 2013); *Casey v. Litton Loan Servicing*, Civ. No. 11-cv-0787, 2012 WL 502886, at *5–6 (D. Md. Feb. 14, 2012) (collecting cases). Here, Plaintiffs have admitted they were in default on their loan, and they do not contest that their application for a loan modification was a request to "extend additional credit under an existing credit arrangement." (Doc. No. 20, Pls.' Letter. Br., at 1–2). Accordingly, there was no adverse action, and so Plaintiffs' ECOA claims in Count Two must be dismissed.

## III.   Violations of the Implied Covenant of Good Faith and Fair Dealing

In Count Four, Plaintiffs claim that Defendants have violated the implied covenant of good faith and fair dealing. It is well established that "every contract in New Jersey contains an implied covenant of good faith and fair dealing." *Sons of Thunder, Inc. v. Borden, Inc.*, 690 A.2d 575, 587 (1997). "The party claiming a breach of the covenant of good faith and fair dealing 'must provide evidence sufficient to support a conclusion that the party alleged to have acted in bad faith has engaged in some conduct that denied the benefit of the bargain originally intended by the parties.'" *Brunswick Hill Racquet Club, Inc. v. Route 18 Shopping Center Associates*, 864 A.2d 387, 396 (N.J. 2005) (quoting 23 *Williston on Contracts* § 63:22, at 513–14 (Lord ed. 2002)). Plaintiffs base this claim on the argument that they are third party beneficiaries of the SPA and that Defendants have violated the SPA's implied covenant of good faith and fair dealing. (Doc. 14, Pls.' Opp'n, at 16). Just as there is no private right of action by which Plaintiffs can sue Defendants

for alleged violations of the SPA and the HAMP, the SPA and the HAMP do not function as contracts under which debtors, such as Plaintiffs, can sue lenders and mortgage servicers as third party beneficiaries.  *See Thomas*, 474 B.R. at 459.  Because there is no contract under which Plaintiffs can sue Defendants, Plaintiffs cannot maintain a claim for a breach of the implied covenant of good faith and fair dealing.  *See Brunswick Hill Racquet Club, Inc*., 864 A.2d at 396; *see also Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 522–23 (10th Cir. 2013) (upholding dismissal of claim for violation of the covenant of good faith and fair dealing premised on HAMP); *Miller v. Chase Home Finance, LLC*, 677 F.3d 1113, 1117 (11th Cir. 2012) (same).  Accordingly, Plaintiffs' claims in Count Four will be dismissed.

## <u>CONCLUSION</u>

For the reasons discussed above, Defendant's Partial Motion to Dismiss will be granted, and Counts One, Two, and Four of Plaintiffs' Complaint will be dismissed.  An appropriate order will follow.

<u>/s/ Anne E. Thompson</u>
ANNE E. THOMPSON, U.S.D.J.